UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        No.:   3:21-cr-87-TAV-JEM-2
                                     )
DIEDRIE ROCHELLE WEIR,               )
                                     )
            Defendant.               )

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on defendant's *pro se* motion for order to schedule specific payment while incarcerated [Doc. 141]. Defendant requests that the Court enter an order setting her restitution payment at $25 per month. [*Id.*]

The government opposes defendant's motion, arguing that she submits no legal authority through which the Court may reduce or otherwise excuse her from repaying the restitution mandated by law [Doc. 144, p. 2]. Moreover, the government observes that defendant has not indicated that she has pursued any remedies or "formal review" of the relief she requests within the Bureau of Prisons ("BOP") [*Id.*].

On August 24, 2023, defendant pleaded guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1349, 1341 and 1343 [Docs. 86, 98]. She was sentenced to 21 months' imprisonment and 3 years' supervised release and ordered to pay restitution in the total amount of $321,657.39 jointly and severally with her codefendants pursuant to the Mandatory Victims Restitution Act ("MVRA") [*Id.* at 5].

The MVRA requires that restitution must be ordered "in the full amount of each victim's losses . . . without consideration of the economic circumstances of the defendant." 18

U.S.C. § 3664(f)(1)(A); *see also* 18 U.S.C. §§ 3663A(a)(1); *United States v. Bogart*, 576 F.3d 565, 573 (6th Cir. 2009) ("[T]he MVRA makes restitution mandatory regardless of a defendant's ability to pay"). Under the MVRA, the Court has authority to adjust defendant's payment schedule pursuant to 18 U.S.C. § 3664(k). Specifically, the Court can order adjustment of a payment schedule if a defendant demonstrates, by a preponderance of the evidence, that there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," and that defendant's current economic condition warrants such an adjustment, as the interests of justice require. § 3664(e), (k); *see United States v. Baird*, No. 3:03-CR91, 2009 WL 5170198, at *3 (E.D. Tenn. Dec. 17, 2009). Defendant has made no such showing here.

Further, a defendant raising a challenge under BOP repayment programs, as here, must first exhaust her administrative remedies. *Urbina v. Thomas*, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (noting that the BOP "should be given the opportunity to consider the application of its policy . . . before the matter is litigated in the federal courts"). The BOP has defined processes by which a federal prisoner may "seek formal review of an issue relating to any aspect of his confinement." 28 C.F.R. § 542.10. But defendant has not indicated that she has pursued any remedies within the BOP before filing the instant motion.

For these reasons, defendant's motion [Doc. 141] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

2